IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ESTATE OF DAVID DAUGHTRY,
by Aaron St. Clair, Personal Representative,

    Plaintiff,

   v.

GM COMPONENTS HOLDINGS, LLC,

    Defendant.

Case No.: 1:21-cv-1495

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant GM Components Holdings, LLC ("GM Components") hereby removes the above-captioned case to the United States District Court for the Southern District of Indiana, Indianapolis Division. The grounds for removal are as follows:

## THIS COURT HAS REMOVAL JURISDICTION

Plaintiff Estate of David Daughtry, by Aaron St. Clair, Personal Representative ("Plaintiff") commenced this litigation against GM Components in Howard Superior Court 2, Indiana, Case No.: 34D02-2104-CT-001155 (the "Complaint"). In accordance with S.D. Ind. L.R. 81-2, a copy of the Complaint is attached as Exhibit A.

Federal law permits defendants sued in state court to remove a "civil action . . . of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Because Howard County, Indiana is within this Court's judicial district, this Court "embrac[es] the place where [this] action is pending" and has removal jurisdiction under 28

U.S.C. § 1441(a). Venue is also proper in this Court pursuant to 28 U.S.C. §§ 94 and 1441(a), because the United States District Court for the Southern District of Indiana, Indianapolis Division is the federal judicial district and division that covers Howard County, Indiana, where this action was originally filed.

## THERE IS COMPLETE DIVERSITY OF CITIZENSHIP

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. Federal law defines this Court's "original jurisdiction" to include actions where (1) there is complete diversity between plaintiff(s) and defendant(s); and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.  For diversity jurisdiction, a person is a citizen of the state in which he or she is domiciled. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).

Plaintiff is a citizen of Indiana.  *See* Exhibit B – May 28, 2020 Order of the Hon. Lynn Murray at ¶ 1; 28 U.S.C. § 1332(c)(2) ("the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent…").

GM Components was at the time of filing of the lawsuit and is still a limited liability company organized under the laws of the State of Delaware with its principal place of business in the State of Michigan. As a result, for purposes of the Court's diversity jurisdiction, GM Components' citizenship is that of each of its members. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 578, 586 n. 1 (2004) ("Although the Court has never ruled on the issue, Courts of Appeals have held the citizenship of each member of an LLC counts for diversity purposes."); *OnePoint Sols., Ltd. Liab. Co. v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) ("An

LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members.") (citation omitted). The only member of GM Components is General Motors Holdings LLC. General Motors Holdings LLC, is also a Delaware limited liability company with its principal place of business in Michigan. The only member of General Motors Holdings LLC is General Motors Company. General Motors Company is also a Delaware corporation with its principal place of business in Michigan. Thus, for purposes of the diversity analysis, GM Components is a citizen of Delaware and Michigan.

Lastly, previously-named defendant Joshua M. Keeler is no longer a party, having been dismissed by Plaintiff on or about May 29, 2021.  Exhibit C – Order Dismissing Joshua M. Keeler.

In accordance with S.D. Ind. L.R. 81-1, complete diversity exists because Plaintiff is a citizen of Indiana, and GM Components is a citizen of Delaware and Michigan.

## THE AMOUNT IN CONTROVERSY IS SATISFIED

In accordance with S.D. Ind. L.R. 81-1, the amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied. Under 28 U.S.C. § 1332(a), the amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs.  As the Supreme Court has made clear, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Kessler v. Nat'l Enters., Inc.*, 347 F.3d 1076, 1081 (8th Cir. 2003) (holding that the amount-in-controversy requirement is not met only when "'it appears to a legal certainty that the claim is really for less than the jurisdictional amount.'") (citation omitted); 28 U.S.C. § 1446(c)(2) ("the notice of removal may assert the amount in controversy"). While GM Components denies that Plaintiff is entitled to any monetary or other relief, it is plain from the allegations and relief sought

by Plaintiff in the Complaint that "the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. at 554.  In the Complaint for Wrongful Death, it is alleged, *inter alia*, that decedent David Daughtry "was severely injured as a result of being struck, and ultimately died from his injuries," and that "the accident was the proximate result, in whole or in part, of the negligence of [GM Components.]"  *See* Exhibit A at ¶¶ 3, 4.  Further, Plaintiff alleges that "as a direct and proximate result of the negligence of [GM Components], the Plaintiff suffered damages, loss of the love and companionship of David Daughtry, and other damages pursuant to I.C. 34-23-1-2."  *Id*. at ¶ 5.  Plaintiff's allegations, including, but not limited to, the foregoing, make plain that the amount in controversy exceeds $75,000, exclusive of interest and costs. The jurisdictional amount-in-controversy requirement under § 1332(a) is satisfied.

## **THIS NOTICE OF REMOVAL IS PROPER**

Because there is complete diversity between Plaintiff and GM Components and the amount in controversy exceeds $75,000 exclusive of interest and costs, diversity jurisdiction exists under 28 U.S.C. § 1332, and this case falls within this Court's jurisdiction under 28 U.S.C. § 1441(a).

In accordance with 28 U.S.C. § 1446(b) and S.D. Ind. L.R. 81-2, attached as Exhibit D is a copy of the docket sheet and "all process, pleadings, and orders served upon" GM Components in this litigation.

Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed within 30 days of the first date upon which GM Components received notice of the pleadings setting forth the claims for relief upon which this removal is based.

Pursuant to 28 U.S.C. § 1446(d), the undersigned certifies that immediately after the filing of this Notice of Removal in this Court, a Notice of Notice of Removal will be filed in Howard Superior Court, Indiana, and will be served on all parties.

If any question arises as to the propriety of the removal of this action, GM Components requests the opportunity to present a brief and requests oral argument in support of removal.

WHEREFORE, Defendant GM Components gives notice that the above-captioned litigation has been removed from Howard County Superior Court, Indiana to the United States District Court for the Southern District of Indiana, Indianapolis Division.

Respectfully submitted,

/s/*Laureen R. White*
Mark M. Holdridge, Attorney No.: 26413-49
Laureen R. White, Attorney No.: 35078-48
HUME SMITH GEDDES GREEN & SIMMONS, LLP
54 Monument Circle, Fourth Floor
Indianapolis, IN 46204
(317) 632-4402 (voice)
mholdridge@humesmith.com
lwhite@humesmith.com

Attorney(s) for Defendant, GM Components Holdings, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on June 3, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF and U.S. Mail system which sent notification of such filing to the following:

Alan D. Wilson
515 West Sycamore Street
P.O. Box 958
Kokomo, IN 46903-0958

*/s/     Laureen R. White*
Laureen R. White